FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 16 2011
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARILYN BLOCH,

                Plaintiff,

-against-

UNITED STATES POST OFFICE; JOHN
POTTER, DIRECTOR; UNITED STATES
POSTAL INSPECTORS,

                Defendants.
----------------------------------------------------------X

**MEMORANDUM AND ORDER**
11-CV-659 (RRM)

**MAUSKOPF, United States District Judge:**

Plaintiff Marilyn Bloch, a resident of Florida, brings this *pro se* action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), 2671 *et seq.*, alleging that the United States Postal Service has refused to deliver her mail and failed to respond to her complaints regarding mail theft by Roberta Pike, a party to a previous action filed by Plaintiff in this Court, *Bloch v. Pike*, No. 09-CV-5503 (RRM)(SMG) (judgment entered June 23, 2010). Plaintiff seeks damages. By Order dated February 7, 2011, the action was transferred from the United States District Court for the Southern District of New York. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted solely for the purpose of this Order. However, sovereign immunity precludes this action and it is therefore DISMISSED.

## STANDARD OF REVIEW

In reviewing Plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## **DISCUSSION**

Sovereign immunity precludes suits against the United States and its agencies unless Congress expressly abrogates that immunity by statute. *See Presidential Gardens Assocs v. United States*, 175 F.3d 132, 139 (2d Cir. 1999). Plaintiff brings this action under the FTCA, which broadly waived the sovereign immunity of the United States with regard to suits in tort. The FTCA confers jurisdiction upon the district courts to hear claims for damages against a federal agency "for injury or loss of property . . . resulting from the negligent or wrongful act[s] or omission[s]" of agency employees in their official capacities. 28 U.S.C. § 2679(b)(1); *Cziko v. United States Postal Serv.*, 79 F. App'x 468 (2d Cir. 2003) (citations omitted). However, Congress carved out certain exceptions to this broad waiver of sovereign immunity. One exception, commonly referred to as the "postal matter exception," preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b) (2000); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004).

Plaintiff's claim is in the category of claims under the FTCA over which Congress has retained sovereign immunity. Plaintiff's claims against the United States Postal Service ("USPS") and its employees are that (1) beginning on May 10, 2010, the USPS "refused to deliver" mail to her at 6031 Polk Street, Hollywood, Florida and returned "much of it" it to the senders "although she was living there" and (2) Roberta Pike stole checks from an estate account

that were mailed to Ms. Pike but belonged to Plaintiff.[1] Both of these claims fall squarely within the postal matter exception. "[M]ail is 'lost' if it is destroyed or misplaced and 'miscarried' if it goes to the wrong address." *Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 487 (2006) (quoting 28 U.S.C. § 2680(b)). "[B]oth terms refer to failings in the postal obligation to deliver mail in a timely manner to the right address." *Id.* Thus, since each of Plaintiff's FTCA claims involve failings of the USPS's obligation to deliver mail in a timely fashion to the right address, they are precluded by the postal matter exception and must be dismissed on the basis of sovereign immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii) (district court shall dismiss a complaint that seeks monetary relief against a defendant who is immune from such relief).

Moreover, even if sovereign immunity did not bar this action, Plaintiff's Complaint would be dismissed without prejudice for lack of subject matter jurisdiction because it does not indicate compliance with statutory requirements for administrative exhaustion under the FTCA. 28 U.S.C. § 2401(b); *Celestine v. Mount*, 403 F.3d 76, 82 (2d Cir. 2005); *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 210, 214 (2d Cir. 1987). Plaintiff filed a FTCA claim against the USPS on December 7, 2010, and she filed this action on January 21, 2011; she has not provided a final determination from the named federal agency, a prerequisite to subject matter jurisdiction in this Court.

---

[1] The Court notes that the checks that were allegedly stolen by Roberta Pike were mailed by the Bank of America to the "Estate of Martin Bloch, Marilyn Bloch-Personal Representative," 25 Bay 29th Street, Brooklyn, a home previously owned by Plaintiff's mother, Rose Bloch, until her death in 1969, and currently owned by Roberta Pike. *See Bloch v. Pike*, No. 09-CV-5503 (RRM)(RER) (Doc. No. 60, Report & Recommendation).

## CONCLUSION

Plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915 (e)(2)(B)(iii). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to send a copy of this Order by overnight mail to Plaintiff *pro se*, and to close the case.

SO ORDERED.

Dated: Brooklyn, New York
February 16, 2011

ROSLYNN R. MAUSKOPF
United States District Judge